In the Matter of JOHN E. THILLY, Petitioner, against VILLAGE CLERK OF THE VILLAGE OF HASTINGS-ON-HUDSON et al., Respondents.

Supreme Court, Special Term, Westchester County, September 4, 1953.

---

*Thomas J. Coyle* for petitioner.

*Charles C. Joseph* for Milton P. Warner and another, respondents.

BRENNAN, J. This is an application, pursuant to section 139-a of the Village Law, for an order: (1) adjudging that the petition for a referendum filed with the clerk of the Village of Hastings-on-Hudson is invalid, illegal and insufficient; and (2) restraining the submission to referendum of certain resolutions of the board of trustees of said village, both adopted July 7, 1953, as requested in the aforesaid petition. The subject resolutions related to proposed bond issues for the construction of parking areas and provided, among other things, that a portion of the cost of the capital improvements is chargeable to benefiting real property. The authority for providing for public parking places is found in subdivision 18-b of section 89 of the Village Law, effective April 19, 1953. Therein the trustees are authorized to provide for the payment thereof, in whole or in part, as a general village charge and, in whole or in part, as a local assessment on property benefited. It is there further provided that "Nothing contained in this subdivision shall be construed to prevent the financing pursuant to the local finance law of any project authorized by this subdivision."

Section 36.00 of the Local Finance Law governs referenda on village bond resolutions. This section provides that a bond resolution shall be subject to a permissive referendum except in certain specified cases. One such case is where any part of the cost for a proposed capital improvement is chargeable primarily to benefited real property. Section 176.00 of the same law provides that all statutes, local laws, ordinances, rules and regulations insofar as they relate to the matters therein contained are superseded, it being the legislative intent that said law shall constitute the exclusive law on such matters. In the passage of the Local Finance Law, it was the evident intention of the Legislature to standardize all of the laws governing the

financial affairs of all municipal corporations in this State and, at the same time, section 139 of the Village Law was amended to conform with the plan and intention enacted in and by section 36.00 of the Local Finance Law.

Thus it appears to be clear that the trustees had the legal authority to provide for the construction of public parking places and to resolve that a portion of the cost of said capital improvements be chargeable to benefiting real property. Under these circumstances, it is the opinion of this court that the resolutions in question clearly fall within the above exception contained in section 36.00 of the Local Finance Law and under said exception, no permissive referendum, however instituted or requested, may be had.

Accordingly, the application is granted to the extent above indicated. Settle order on notice.